UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CSC COMPUTER SCIENCES         )
INTERNATIONAL, S.A.R.L.,      )
    Plaintiff,                )
                            )
        v.                )  Civil Action No. 1:16cv85
                            )
FINMARC ACQUISITIONS LLC,     )
et al.,                       )
    Defendants.               )
                            )

REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on plaintiff's Motion for Default Judgment Against Finmarc Acquisitions LLC (Dkt. 24). After a representative for defendant Finmarc Acquisitions LLC failed to respond to plaintiff's Motion or to appear at the hearing before Judge Davis on March 25, 2016, the undersigned Magistrate Judge took this matter under advisement.[1]

I.   INTRODUCTION

**A. Background**

Plaintiff CSC Computer Sciences International, S.a.r.l. is a Luxembourg private limited company. (Am. Compl. ¶ 1.) Defendant Finmarc Acquisitions LLC ("Finmarc") is a Maryland

---

[1] The record before the Court includes the First Amended Complaint ("Am. Compl.") (Dkt. 5), the Real Estate Contract ("Contract") (Dkt. 5-1), plaintiff's Motion for Default Judgment Against Finmarc Acquisitions LLC ("Mot. Default J.") (Dkt. 24), the Memorandum in Support of Motion for Default Judgment Against Finmarc Acquisitions LLC ("Mem. Supp. Mot. Default J.") (Dkt. 25), the Declaration of James Johnson ("Johnson Decl.") (Dkt. 25-1), the Declaration of Nicholas V. Albu ("Albu Decl.") (Dkt. 25-2), and all attachments and exhibits submitted with those filings.

limited liability company and defendant Commonwealth Land Title Insurance Company ("Commonwealth Land Title") is a Nebraska corporation with its principal place of business in Florida. (Id. at ¶¶ 2-3.)

On October 15, 2015, plaintiff and Finmarc entered into a real estate contract ("the Contract") under which Finmarc agreed to purchase from plaintiff certain real property known as 3160 Fairview Park Drive, Falls Church, Virginia. (Id. at ¶ 7.) Commonwealth Land Title was the escrow agent under the Contract and joined in the Contract for that purpose. (Id.) Under the Contract, Finmarc was required to deposit $400,000.00 as an earnest money deposit with Commonwealth Land Title. (Id. at ¶ 8.) On November 30, 2015, plaintiff and Finmarc executed the First Amendment to Real Estate Contract ("the Amendment"), which extended the inspection period to December 3, 2015. (Id. at ¶ 14.) If Finmarc did not notify plaintiff of termination due to unsatisfactory conditions by December 3, 2015, Finmarc was obligated to proceed to closing and the deposit became non-refundable, except in certain limited circumstances that are not applicable here. (Id. at ¶ 16.)

By letter dated December 3, 2015 ("the Termination Notice"), Finmarc purported to provide notice of its termination of the Contract, effective as of that date. (Am. Compl. ¶ 18.) However, the Termination Notice was actually prepared on

2

December 4, 2015 and back-dated to December 3, 2015, and was not delivered to plaintiff until December 4, 2015. (Id. at ¶¶ 18-19.) Following its receipt of the Termination Notice, plaintiff also discovered that Finmarc failed to provide the full deposit to Commonwealth Land Title, instead providing only $200,000.00. (Id. at ¶ 21.) Plaintiff consequently notified Finmarc in writing of its material breach and default for its failure to deliver the required deposit no later than October 20, 2015. (Id. at ¶ 26.) Under the Contract, Finmarc then had five business days to cure this default, which Finmarc did not do. (Id. at ¶¶ 26-27.) Plaintiff also made a demand upon Finmarc to proceed with the purchase of the property under the Contract, but Finmarc refused to proceed to closing on January 3, 2016. (Id. at ¶ 28.) Commonwealth Land Title then stated that it would hold the partial deposit pending a written agreement between plaintiff and Finmarc with respect to the disbursement of the partial deposit. (Id. at ¶ 29.)

On January 27, 2016, plaintiff brought suit against defendant Finmarc for breach of contract for failure to provide the full deposit and for failure to purchase. (Dkt. 1 at ¶¶ 26, 38.) On February 12, 2016, in accordance with Federal Rule of Civil Procedure 15(a)(1)(A), plaintiff filed its First Amended Complaint against Finmarc and Commonwealth Land Title, adding claims of breach of contract and gross negligence against

Commonwealth Land Title for failure to disburse the deposit and for accepting a partial deposit, respectively. (Am. Compl. ¶¶ 51, 56.) Plaintiff is now seeking the $400,000.00, plus pre-judgment interest and attorneys' fees and costs. (Mem. Supp. Mot. Default J. 2-3; Mot. Default J. 1.)

## B. Jurisdiction and Venue

Before the Court can render default judgment, it must have both subject matter and personal jurisdiction over the defaulting party/parties.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, which provides that the district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000.00 and is between citizens of a state and citizens of a foreign state. See 28 U.S.C. § 1332(a)(2). Plaintiff is a Luxembourg private limited company and a citizen of Luxembourg for diversity jurisdiction purposes. (Am. Compl. ¶ 1.) Defendant Finmarc is a Maryland limited liability company and a citizen of Maryland for diversity purposes. (Id. at ¶ 2.) Defendant Commonwealth Land Title is a Nebraska corporation with its principal place of business in Florida, and therefore is a citizen of Nebraska and Florida. (Id. at ¶ 3.) Plaintiff seeks an award of $400,000.00, plus interest, fees and costs. (Id. at ¶ 61; Mem. Supp. Mot. Default J. 2-3.) Therefore, because there is complete diversity and a

4

sufficient amount in controversy, this Court has subject matter jurisdiction over this dispute.

This Court has personal jurisdiction over defendant Finmarc because Finmarc has conducted ongoing and continuous business in Virginia, specifically having engaged in business dealings in Virginia including the purchase of real estate in Fairfax County, Virginia, and having contracted with persons and entities in Virginia. (Am. Compl. ¶ 5; Mem. Supp. Mot. Default J. 2.) Therefore, Finmarc purposefully availed itself of the privilege of conducting activities in the Commonwealth of Virginia and personal jurisdiction is proper.

Pursuant to 28 U.S.C. § 1391(b), venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred in this district and the real property that is the subject of the contract at issue is located in this district. (Am. Compl. ¶ 6.)

### C. Service of Process

As a general rule, a defendant must be served with the summons and complaint filed with the court.  Fed. R. Civ. P. 4. On February 2, 2016, plaintiff's private process server personally served David B. Fink, Finmarc's registered agent, with a copy of the Summons and Complaint. (Dkt. 4.) On February 17, 2016, plaintiff's counsel sent Joseph B. Hoffman, counsel for Finmarc, a copy of the Summons and Amended Complaint by next

day delivery, which Mr. Hoffman accepted on behalf of Finmarc on February 18, 2016. (Dkt. 9.) Mr. Hoffman was authorized to accept service of process on behalf of Finmarc and agreed to accept service of the Summons and Amended Complaint on Finmarc's behalf. (Dkt. 9 Ex. 1.) Therefore, service was proper under Federal Rule of Civil Procedure 4(h).

### D. Grounds for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Finmarc has not appeared, answered, or otherwise filed any responsive pleadings in this case. On March 15, 2016, the Clerk of this Court entered default as to Finmarc pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55(a). (Dkt. 21.) The following day, the Honorable Leonie M. Brinkema ordered that plaintiff file a Motion for Default Judgment. (Dkt. 23.) Plaintiff filed its Motion for Default Judgment Against Finmarc Acquisitions LLC on March 17, 2016. (Dkt. 24.) After Finmarc failed to respond to plaintiff's Motion or to appear at the hearing before Judge Davis on March 25, 2016, the undersigned took this matter under advisement.

## II.  FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that plaintiff has established the following facts.

Plaintiff CSC Computer Sciences International, S.a.r.l. is a Luxembourg private limited company. (Am. Compl. ¶ 1.) Defendant Finmarc is a Maryland limited liability company and defendant Commonwealth Land Title is a Nebraska corporation with its principal place of business in Florida. (Id. at ¶¶ 2-3.)

On October 15, 2015, plaintiff and Finmarc entered into a real estate contract ("the Contract") under which Finmarc agreed to purchase from plaintiff certain real property known as 3160 Fairview Park Drive, Falls Church, Virginia. (Dkt. 5-1; Am. Compl. ¶ 7; Johnson Decl. ¶ 3.) Under the Contract, Finmarc was required to deposit $400,000.00 as an earnest money deposit with Commonwealth Land Title, the escrow agent. (Am. Compl. ¶¶ 7-8; Johnson Decl. ¶ 4; Contract § 1.) Following the inspection period, which was 45 days from the contract date, the deposit was non-refundable to Finmarc. (Am. Compl. ¶¶ 12-13; Johnson Decl. ¶ 5; Contract §§ 1, 4.) On November 30, 2015, plaintiff and Finmarc executed the First Amendment to Real Estate Contract ("the Amendment"), which extended the inspection period to December 3, 2015. (Dkt. 5-2; Am. Compl. ¶ 14; Johnson Decl. ¶ 6.) If Finmarc did not notify plaintiff of termination due to

7

unsatisfactory conditions by December 3, 2015, Finmarc was obligated to proceed to closing and the deposit became non-refundable, except in certain limited circumstances that are not applicable here. (Am. Compl. ¶ 16; Johnson Decl. ¶ 7; Contract §§ 1, 4; Dkt. 5-2.)

Furthermore, the Contract provides that any notice shall be deemed served and effective on the date of delivery or refusal if delivered personally by 5:00 pm Eastern Standard Time ("EST") on a business day (otherwise on the next succeeding business day), on the date of delivery receipt if delivered by messenger or express service by 5:00 pm EST on a business day (otherwise on the next succeeding business day), on the date of receipt shown on the certified mail receipt if delivered by certified mail, or on the date of delivery if delivered by e-mail by 5:00 pm EST on a business day (otherwise on the next succeeding business day). (Am. Compl. ¶ 17; Contract § 15.)

By letter dated December 3, 2015 ("the Termination Notice"), Finmarc purported to provide notice of its termination of the Contract, effective as of that date. (Am. Compl. ¶ 18.) However, the Termination Notice was actually prepared on December 4, 2015 and back-dated to December 3, 2015, and was not delivered to plaintiff until December 4, 2015. (Id. at ¶¶ 18-19.) Following its receipt of the Termination Notice, plaintiff also discovered that Finmarc failed to provide the full deposit

8

to Commonwealth Land Title, instead providing only half (*i.e.*, $200,000.00). (<u>Id.</u> at ¶ 21; Johnson Decl. ¶ 9.) Finmarc never disclosed to plaintiff that Finmarc did not make the full deposit. (Am. Compl. ¶ 22.)

Plaintiff consequently notified Finmarc in writing of its material breach and default for its failure to deliver the required deposit no later than October 20, 2015. (Am. Compl. ¶ 26; Johnson Decl. ¶ 10.) Under the Contract, Finmarc then had five business days to cure this default, which Finmarc did not do. (Am. Compl. ¶¶ 26-27; Contract § 14; Johnson Decl. ¶ 10.) Plaintiff also made a demand upon Finmarc to proceed with the purchase of the property under the Contract, but Finmarc refused to proceed to closing on January 3, 2016. (Am. Compl. ¶ 28; Johnson Decl. ¶ 11.)

### III. <u>EVALUATION OF PLAINTIFF'S COMPLAINT</u>

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. <u>GlobalSantaFe Corp. v. Globalsantafe.com</u>, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards of Federal Rule of Civil Procedure 12(b)(6).

Plaintiff alleges defendant Finmarc breached the Contract

by failing to provide the full deposit and for failing to purchase the real property. (Am. Compl. ¶¶ 34, 46.) Under Virginia law, the elements of a breach of contract action are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Squire v. Va. Hous. Dev. Auth., 758 S.E.2d 55, 60 (Va. 2014) (quoting Filak v. George, 594 S.E.2d 610, 614 (Va. 2004)). In this case, plaintiff has pled sufficient facts to support its breach of contract claims.

First, plaintiff has shown that Finmarc owes it a legally enforceable obligation. Plaintiff and Finmarc entered into the Contract, which required Finmarc to deposit $400,000.00 with Commonwealth Land Title and required Finmarc to proceed to closing if Finmarc did not notify plaintiff of termination due to unsatisfactory conditions by December 3, 2015. (Am. Compl. ¶¶ 8, 16; Johnson Decl. ¶¶ 4, 7; Contract §§ 1, 4; Dkt. 5-2.) This Contract was signed by both plaintiff and Finmarc. (Am. Compl. ¶ 7; Johnson Decl. ¶ 3; Contract 16.)

Second, plaintiff demonstrates that Finmarc materially breached its obligations. To be actionable, the plaintiff must establish that the breach was material. PBM Prods., LLC v. Mead Johnson Nutrition Co., 678 F. Supp. 2d 390, 398 (E.D. Va. 2009). "A material breach is a failure to do something that is so

fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." <u>Horton v. Horton</u>, 487 S.E.2d 200, 204 (Va. 1997). Here, Finmarc deposited $200,000.00 with Commonwealth Land Title, which is only half of the amount required by the Contract. (Am. Compl. ¶ 21; Johnson Decl. ¶ 9; Contract § 1.) The Contract states that the deposit could be retained by plaintiff in the event of Finmarc's default, and thus the deposit represents protection for plaintiff if Finmarc did not fulfill its obligations. (Contract § 14(a).) As such, the deposit was an important aspect of the Contract and Finmarc's breach constituted a default under the Contract. (Am. Compl. ¶ 35.) Additionally, Finmarc did not timely notify plaintiff of termination of the Contract, given that the Termination Notice was prepared and delivered to plaintiff on December 4, 2015, one day after the December 3, 2015 deadline. (Am. Compl. ¶¶ 18-20, 44; Johnson Decl. ¶ 8.) Finmarc then failed to proceed to closing and purchase the property as required. (Am. Compl. ¶¶ 28, 45-46; Johnson Decl. ¶ 16.) The purchase of the property was clearly the main purpose of the Contract. As such, these failures constitute material breaches of the Contract.

Third and finally, plaintiff shows that Finmarc's breaches caused damages to plaintiff. Finmarc's failure to deposit the full $400,000.00 with Commonwealth Land Title represented a

default under the Contract, thus plaintiff was entitled to the $400,000.00 when Finmarc did not cure this default. (Am. Compl. ¶¶ 34-39.) Furthermore, when Finmarc did not timely terminate the Contract by December 3, 2015 and plaintiff satisfied all of the conditions precedent, the deposit became non-refundable and plaintiff was entitled to it. (Am. Compl. ¶¶ 16, 32-33; Johnson Decl. ¶¶ 7, 13-14.) But plaintiff was unable to draw down on the full amount owed because Finmarc only deposited $200,000.00. Moreover, Finmarc's failure to purchase the property caused plaintiff to not receive the remainder of the purchase price, a clear injury.

Therefore, plaintiff has pled sufficient facts to establish its claims of breach of contract against Finmarc.

IV.   REQUESTED RELIEF

Plaintiff seeks damages in the amount of $406,960.00. (Mem. Supp. Mot. Default J. 2-3.) This amount represents the $400,000.00 deposit required under Section 1 of the Contract, which pursuant to Section 14 of the Contract would be disbursed to plaintiff as liquidated damages following Finmarc's default and failure to cure, as well as pre-judgment interest at the legal rate of six percent accrued from December 3, 2015 through March 16, 2016. However, plaintiff and Commonwealth Land Title have recently advised the Court that Commonwealth Land Title has disbursed to plaintiff the $200,000.00 partial deposit that it

12

was holding in escrow. (Dkt. 36.) Additionally, because Finmarc

had deposited that $200,000.00 into the escrow account with

Commonwealth Land Title as required, pre-judgment interest

should only accrue on the outstanding $200,000.00. Therefore,

for the reasons articulated above, the undersigned recommends

that defendant be found liable to plaintiff for damages in the

amount of $203,480.00.[2]

Plaintiff also seeks to recover its attorneys' fees and

costs incurred in this litigation. (Mem. Supp. Mot. Default J.

3; Mot. Default J. 1.) Pursuant to Section 21(b) of the

Contract, in the event legal action is necessary to enforce or

interpret the terms of the Contract, the prevailing party is

entitled to its court costs and its actual and reasonable

attorneys' fees. Plaintiff seeks an award of attorneys' fees in

the amount of $41,484.00, which is comprised of 24.7 hours by

attorney Nicholas V. Albu at a rate of $465.00 per hour, 16.1

hours by attorney Michael S. Dingman at a rate of $695.00 per

hour, 15.5 hours by attorney Carol C. Honigberg at rate of

$645.00 per hour, 8.2 hours by Ms. Honigberg at a rate of

---

[2] This amount is calculated as $200,000.00 in liquidated damages still owed,
plus pre-judgment interest on that amount at the legal rate of six percent
annually (see Va. Code Ann. § 6.2-302) accruing from December 4, 2015, the
initial date of Finmarc's breach, through March 17, 2016, the date of
plaintiff's Motion for Default Judgment. Although the undersigned used
different start and end dates than plaintiff, the total time period (105 days
or 0.29 years) is the same. Thus, because the undersigned has determined that
pre-judgment interest should only accrue as to half of the damage amount
sought by plaintiff and used in its calculations, the proper amount of pre-
judgment interest is half of that calculated by plaintiff, *i.e.*, $3,480.00.

$650.00 per hour, 2.1 hours by attorney Meredith P. Hartley at a rate of $475.00 per hour, and 6.9 hours by attorney Justin D. deBettencourt at a rate of $360.00 per hour. (Albu Decl. ¶¶ 4-8, 12; Mem. Supp. Mot. Default J. 3.) Plaintiff also seeks its costs in the amount of $1,188.62.[3] (Mem. Supp. Mot. Default J. 3; Albu Decl. ¶ 12.)

In support of its request for attorneys' fees and costs, plaintiff has submitted the Declaration of Nicholas V. Albu, which attaches an itemized table showing the legal services provided and fees and costs incurred. (Dkt. 25-2.) The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiff's rights. If further action is required to enforce and collect this judgment, plaintiff may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees in addition to those set out in this Report and Recommendation.

## V.   RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of plaintiff CSC Computer Sciences International, S.a.r.l. against defendant

---

[3] Plaintiff's memorandum and Mr. Albu's declaration actually request costs in the amount of $788.62. However, plaintiff had erroneously included the $400.00 court filing fee within its damages calculation. Therefore, separating that amount out from damages, the undersigned finds that the correct amount of costs is $1,188.62.

14

Finmarc Acquisitions LLC for breach of contract in the total amount of $246,152.62, consisting of $200,000.00 in liquidated damages still owed, $3,480.00 in pre-judgment interest, $41,484.00 in attorneys' fees, and $1,188.62 in costs.

## VI.   NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

> David B. Fink
> Registered Agent, Finmarc Acquisitions LLC
> 7200 Wisconsin Avenue, Suite 1100
> Bethesda, MD 20814
>
> Joseph B. Hoffman
> Counsel for Finmarc Acquisitions LLC
> Kelley Drye & Warren LLP
> 3050 K Street, NW
> Washington, DC 20007

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

April 15, 2016
Alexandria, Virginia