IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CSC COMPUTER SCIENCES INTERNATIONAL, S.A.R.L., <br><br> Plaintiff <br><br> v. <br><br> FINMARC ACQUISITIONS LLC, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) 1:16-cv-85 (LMB/TCB) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on April 15, 2016 [Dkt. No. 37], which recommended that default judgment be entered against defendant Finmarc Acquisitions LLC ("Finmarc") and that plaintiff be awarded $203,480 in damages for breach of contract, along with $41,484.00 in attorneys' fees and $1,188.62 in litigation costs. See Report at 15. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection waived the right to appeal the substance of the Report and any judgment based upon the Report. As of May 6, 2016, no party has filed an objection. The Court has reviewed the Report, plaintiff's motion, and the case file and adopts the Report in its entirety.

The magistrate judge correctly determined that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity and there is a sufficient amount-in-controversy. Report at 4. Specifically, the parties have different domiciles—Luxembourg, Maryland, Nebraska and Florida—and the amount-in-controversy is $400,000. Id. The magistrate judge also correctly determined that the Court has personal jurisdiction over defendant Finmarc based on its ongoing and continuous business dealings in

Virginia, including the purchase of real estate in Fairfax County and entering into contracts with persons and entities in Virginia. Id. at 5. Because a substantial part of the events or omissions giving rise to the claims occurred in this district and the real property that is the subject of the contract at issue is located in this district, venue is proper pursuant to 28 U.S.C. § 1391(b). Id. The record also shows that defendant Finmarc was properly served on two occasions and that it never filed any response to the complaint. Id. at 5-6. On March 15, 2016, the Clerk entered a default against defendant Finmarc.

The Court further finds that the magistrate judge properly calculated the damages after making an appropriate adjustments to the damages and pre-judgment interest based on the $200,000 that was disbursed to plaintiff by Commonwealth Land Title,[1] and the attorneys' fees and litigation costs to which plaintiff is entitled based on the documentation submitted with plaintiff's motion.[2] Accordingly, plaintiff's Rule 55(b)(2) Motion for Entry of Default Judgment and Award of Attorneys' Fees and Costs [Dkt. No. 11] is GRANTED, and it is hereby

ORDERED that a default judgment in the total amount of $203,480 be and is awarded in favor of plaintiff, CSC Computer Sciences International, S.A.R.L., against defendant, Finmarc Acquisitions LLC; and it is further

ORDERED that attorney's fees in the amount of $41,484 and costs in the amount of $1,188.62 to cover litigation expenses be and are awarded in favor of plaintiff, CSC Computer Sciences International, S.A.R.L., against defendant, Finmarc Acquisitions LLC.

---

[1] This amount represents Finmarc's partial deposit that Commonwealth Land Title was holding in escrow. See Report at 12-13.
[2] The magistrate judge also properly adjusted the litigation costs to include the $400 court filing fee, which was originally erroneously included within plaintiff's damages calculation. Id. at 14 n.3.

The Clerk is directed to enter final judgment in plaintiff's favor pursuant to Fed. R. Civ. P. 55 and to forward copies of this Order to counsel of record and to defendant at its address of record in the file by certified mail, return receipt requested.

Entered this 6th day of May, 2016.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge